**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Clarita Lehman, | Case No. 2:22-cv-00939-RFB-BNW |
| Plaintiff, | |
| v. | **Order** |
| Director & Chief Executive Officer of the Defense Commissary Agency c/o William F. Moore, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to compel. ECF No. 56. Plaintiff filed a response and Dfendants replied. ECF Nos. 61 and 62. For the reasons explained below, the Court grants the motion in part and denies the motion in part.

**I.    Background**

The instant case stems from Plaintiff's allegations that Defendants failed to provide accommodations under the Rehabilitation Act of 1973.

Defendants request that the Court to compel a full response to the interrogatories and requests for production that have been propounded upon Plaintiff. They also seek fees as a result of having to bring this motion.

Plaintiff filed a response but does not address the arguments made by Defendants in their motion.

The parties are familiar with the arguments. As a result, the Court repeats them here only as relevant to the order.

**II.    Legal standards**

Discovery is broad. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997). Parties may obtain discovery on any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). The court has broad

1  discretion to permit or deny discovery, and its decision will not be disturbed "except upon the
2  clearest showing" that the denial "results in actual and substantial prejudice to the complaining
3  litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

4        If a party resists discovery, the requesting party may file a motion to compel. *See* FED. R.
5  CIV. P. 37(a)(1). The motion must include a threshold showing that the requested information
6  falls within the scope of discovery under Rule 26. *Sanhueza v. Lincoln Technical Instiute, Inc.*,
7  2014 WL 6485797, at *2 (D. Nev. Nov. 18, 2014). "The party opposing discovery has the burden
8  of showing that the discovery is irrelevant, overly broad, or unduly burdensome." *Fosbre v. Las*
9  *Vegas Sands Corp.*, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016).

10        Local Rule 7-2(d) provides, in pertinent part, that "the failure of an opposing party to file
11  points and authorities in response to any motion…constitutes a consent to the granting of the
12  motion." LR 7-2(d).

13  **III.  Analysis**

14        At the outset, this Court notes that the discovery requests at issue meet the threshold
15  showing under Rule 26. Next, the court notes that Plaintiff has not addressed any of the
16  arguments raised by Defendants. As a result, she has consented to the granting of Defendants'
17  request. LR 7-2(d).

18        **a.  Interrogatories**

19        At issue are interrogatories 2-5, 7-12, and 17-21. Plaintiff is ordered to fully answer each
20  of these interrogatories within 30 days of this order.

21        While it is not clear what objections plaintiff is standing on given that she has not
22  addressed them in her response, the Court makes the following remarks:

23        (1)  Plaintiff cannot object on the basis of privacy when she is putting her disability at
24  issue in the case. Parties can waive their privacy right in their medical history by putting that
25  medical history at issue in a case or when it is directly relevant to the litigation. *See EEOC v*
26  *Cheesecake Factory, Inc.*, 2017 WL 3887460 at *7 (W.D. Wash. Sept. 6, 2017) (summarizing
27  district court decisions finding "the right to privacy in medical records is waived when the
28  plaintiff's medical condition is 'at issue' in the lawsuit.")

(2) Plaintiff cannot object on the basis of hardship or undue burden and not justify the ways in which responding constitutes a hardship or undue burden. Boilerplate objections such as "overly burdensome" and "harassing" are improper. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

(3) Responses such as "this question is stupid and self-explanatory" are not responsive. This Court reminds Plaintiff of her obligation to maintain professionalism and decorum during the course of this litigation. LR IA 11-8(d)

(4) "See docket" or providing a list of docket citations is not responsive.

Lastly, the court notes Plaintiff has partially answered some of the interrogatories. The parties are ordered to meet and confer within 10 days of this order to discuss what is missing from each of these responses.

**b.  Requests for production**

Also at issue are requests for production 1-14. Plaintiff's responses direct defendants to take a look at the docket. Such responses do not comply with the rules of civil procedure. Plaintiff is ordered to provide a full response to each of these requests within 30 days of this order. To the extent Plaintiff needs clarification regarding these requests, she is to meet and confer with defendants within 10 days of this order.

**c.  Fees**

Rule 37(a)(5) allows the Court to order Plaintiff to pay Defendants attorney fees for having to file the instant motion unless, as applicable here, other circumstances make the award of the payment unjust. The Court, in its discretion, finds that the award of fees—at this stage—would be unjust given each of the parties' relative positions. The Court may reach a different conclusion should this same conduct be repeated in the future.

/ / /

/ / /

/ / /

**IV.      Conclusion**

Defendants' motion at ECF No. 56 is GRANTED in part and DENIED in part. The parties shall meet and confer within 10 days of this order and Plaintiff shall provide responses within 30 days of this order.

DATED: May 21, 2024.

Brenda Weksler
United States Magistrate Judge