1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4  CLARITA LEHMAN,                          Case No. 2:22-cv-00939-RFB-BNW

5              Plaintiff,                    **ORDER**

6       v.

7  LLOYD J. AUSTIN, III, et al.,

8              Defendants.

9

10       Before the Court is Federal Defendants' motion for case terminating sanctions and

11  request for attorney's fees. ECF No. 70. Defendants argue Plaintiff has violated a court order by

12  continuing to refer to the docket instead of providing fully responsive answers to Requests for

13  Production (RFPs) 1–7, 11–12, and 14. Plaintiff responded, and Federal Defendants replied. ECF

14  Nos. 72; 74.

15       The parties are familiar with the facts of this case and the arguments made in support of

16  the instant dispute. As a result, the Court only incorporates them here as necessary and relevant

17  to its order.

18  **I.    BACKGROUND**

19       This Court previously issued an Order regarding RFPs 1–14. ECF No. 64. The Court

20  noted Plaintiff had responded to Defendants' RFPs by directing them to take a look at the docket.

21  *Id.* The Court explained that it was not sufficient under the rules and ordered Plaintiff to provide

22  "a full response to each of these requests within 30 days of this order." *Id.* at 3.

23       In response to the order above, Plaintiff provided Defendants with supplemental

24  responses. ECF No. 70-1. But Defendants argue responses to RFPs 1–7, 11–12, and 14 violate

25  the previous court order as those responses continue to direct Defendants to the docket and are

26  not responsive.

27       Plaintiff's opposition does not address why her responses are sufficient (or how they

28  comply with the Court order) other than by citing to rules regarding the need for discovery to be

1    relevant and proportional.

2    **II.    ANALYSIS**

3    　　When a party fails to comply with a court order, Federal Rule 16(f) allows a court to

4    issue any "just" order, including those outlined in Rule 37(b)(2)(A)(ii)–(vii), for non-compliance.

5    *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013). Potential sanctions under

6    Rule 37(b)(2)(A)(ii)–(vii) include dismissal of the action. A court fine is among the "just orders"

7    contemplated as a sanction by the rule. *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL

8    701816, at *4 (D. Nev. Feb. 2, 2018). Attorney fees are also permitted. Similarly, this Court's

9    Local Rules provide the authority to impose "any and all appropriate sanctions on an attorney. . .

10   who, without just cause. . . [f]ails to comply with any order of this Court." LR IA 11-8(e).

11   Whether the party intentionally disobeyed the court order is not pertinent to the inquiry. *See*

12   *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

13   　　When a court determines that Rule 16(f) has been triggered, it has broad discretion in

14   fashioning an appropriate sanction. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th

15   Cir. 1993); *see also Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir.1986) (indicating

16   the purpose of Rule 16 is "to encourage forceful judicial management").

17   　　As will be explained below by analyzing each of the requests and responses, Plaintiff has

18   violated the prior order by continuing to generally refer to the docket. When determining

19   whether dismissal of an action is an appropriate sanction, a district court must consider: "(1) the

20   public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets,

21   (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition

22   of cases on their merits, and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v.*

23   *Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (alterations omitted) (quoting *Malone v.*

24   *United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)). When a party violates a court

25   order, the first two factors weigh in favor of sanctions and the fourth factor weighs against case-

26   dispositive sanctions, so the third and fifth factors are decisive. *Id.* As to the fifth factor,

27   sanctions in the form of a fine is a lesser sanction and appropriate given the history of this case.

28   　　　　　　　　　　　　　　　　　　　　　2

As to prejudice, the third factor, Defendants will not suffer any as the Court is ordering Plaintiff (once again) to fully respond to each request within 30 days of this order. Should Plaintiff fail to do so, then Defendants would certainly be prejudiced as they would be disadvantaged for purposes of dispositive motions and/or trial. At bottom, the Court finds that dismissal of the instant matter is too harsh a remedy, and therefore denies that portion of Defendant's motion. Instead, pursuant to Rule 16(f) and LR IA 11-8, the Court will order Plaintiff to pay a fine of $250 to the Clerk's Office by January 15, 2025 and must file a proof of payment on the docket by that date. While typically the amount of the fine would exceed $250, the Court is mindful that Plaintiff proceeding in forma pauperis. Attorney fees will not be awarded given the imposition of the fine.

Of note, this is not the first time this Court has had to get involved in discovery disputes based on Plaintiff's failure to cooperate in the discovery process. The Court previously granted in part Defendants' motion to compel based on Plaintiff's incomplete responses to discovery requests. ECF No. 56. Prior to that, in the context of denying her motion to stay discovery, the Court explained to Plaintiff she cannot refuse to participate in the discovery process just because she believes the requests are not productive or fruitful. ECF No. 40 at 5. And Defendants also had to request this Court's involvement during a deposition because Plaintiff refused to answer questions.

It is also important for Plaintiff to understand that it is her burden to prove her case. Defendants are entitled to have the discovery Plaintiff will rely on to do so—the rules are designed to ensure they do not have to guess what evidence Plaintiff will produce. It also merits reminding Plaintiff that while this process can be confusing and upsetting, she is to carry herself in a professional manner.

In light of the current procedural posture of the case and for good cause, the Court sua sponte amends the Scheduling Order as follows:

- The deadline file dispositive motions is **November 29, 2024**.
- The deadline to file a proposed joint pretrial order is **December 29, 2024**, or if

3

1    dispositive motions are filed, 30 days after a decision on such motions.

2    * * *

3    **A.    Requests for Production Nos. 1–4**

4    These are (generally) requests for (1) evidence that Plaintiff was not provided a

5    reasonable accommodation in relation to the workstation and the parking spot, (2) production of

6    communications in relation to the parking spot, (3) production of communications in relation to

7    the use of a chair at the car register, and (4) production of evidence that supports allegations in

8    paragraph 10 of the complaint. Plaintiff responds that:

9    (1-4)   Per The Federal Rules Of Civil Procedure Rule 26(b)(1); (b)(2)(c) and The Federal Rules

10   Of Civil Procedure Rule 36(a)(1)(B)(2), The Request For Production (#1, #2, #3, #4) is

11   irrelevant, unreasonably cumulative, duplicative and overly burdensome; as Federal Defendants'

12   and their Counsel – AUSA Virginia T. Tomova are already in possession of / have access to the

13   requested evidence and documents that support my allegations that I was not provided with

14   Reasonable Accommodation, as a result, Bates Numbers are irrelevant and not necessary.

15   Because Federal Defendants' and their Counsel – AUSA Virginia T. Tomova have

16   failed to exercise "Due Diligence" in obtaining the requested evidence and documents regarding

17   my allegations that I was not provided with Reasonable Accommodation, (despite the fact that

18   all evidence supporting my allegations in ECF – 4 are sitting right there in front of them),

19   I cannot and should not be held responsible or accountable or continue to suffer undue hardship,

20   expense or oppression because Federal Defendants' and their Counsel – AUSA Virginia T.

21   Tomova cannot read the English Language, read and extract what's on the Docket and/or the

22   Pleadings and Papers on file.  (See ECF – 4, ECF – 25, ECF – 34, etc….)

23

24

25   First, the Court notes that Plaintiff waived her objections by not asserting them

26   previously. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

27

28   4

And in any event, the requests are relevant given Plaintiff's allegations based on the Rehabilitation Act.  Moreover, it is not clear why this request is duplicative, cumulative, or burdensome. Plaintiff alludes that this information is contained in ECF Nos. 4, 25, and 34. But ECF No. 4 is her amended complaint and contains none of the requested documents. ECF No. 25 is a minute order by Judge Boulware. And, lastly, ECF No. 34 is her motion for summary judgment—and it is not clear whether the documents requested are attached, and if so, where they are to be located.

Thus, Plaintiff must provide documents responsive to these requests. To the extent that there are several documents, then she must "bates stamp" the documents, which means she must number each of the pages that are produced so that the parties have a way of identifying the document by "bates-stamp number." If she does not have any documents responsive to these requests, then she must state so.

**B.     Request for Production No. 5**

This is a request for evidence (including medical records) in support of the pain and suffering allegations. Plaintiff responds by stating these documents are irrelevant. Not only has she waived such objection, but the documents are relevant as they go to the heart of her allegation regarding damages. Moreover, it is not clear why/how Defendants would be in possession of these documents. And the fact that they may have access to them does not relieve Plaintiff of her responsibility to produce them absent sufficient justification.

Thus, Plaintiff must provide documents responsive to this request. In her response, Plaintiff refers to "treatment regarding her disability that causes [her] pain and suffering on a daily basis." Thus, there should be some documentation regarding this treatment that would be responsive to this request. To the extent that there are several documents, then she must "bates stamp" the documents by numbering the production so that the parties have a way of identifying the document by its "bates-stamp number." If she does not have any documents responsive to these requests, then she must state so.

### C.      Request for Production No. 6

This is a request for evidence (including medical records) in support of emotional pain and suffering allegations.

Plaintiff first responds by stating these documents are irrelevant. But Plaintiff has waived such objection. In addition, the documents are relevant as they go to the heart of her allegation regarding damages.

Plaintiff responds that "emotional pain and suffering" cannot be "presented or displayed in paper format." But she does mention a witness statement where the witness stated Plaintiff was crying. That is the type of document that would be responsive to this request. If there is any other similar documentation, that must be produced as well. If she does not have any documents responsive to these requests, then she must state so.

### D.      Request for Production No. 7

This is a request for evidence (including medical records) in support of psychological pain and suffering allegations.

Plaintiff first responds by stating these documents are irrelevant. But Plaintiff has waived such objection. In addition, the documents are relevant as they go to the heart of her allegation regarding damages.

It appears Plaintiff is stating that she has not seen a therapist but that this case has caused her marital and financial strains. If Plaintiff's intent is to claim that her "financial strain" falls within these types of damages, she must produce evidence that demonstrates the nature of the financial strain (*i.e.*, loss of salary, etc.). If she does not have any documents responsive to these requests, then she must state so.

### E.      Request for Production No. 11

This is a request for all claims, lawsuits, administrative charges, and complaints Plaintiff has filed pertaining to her reasonable accommodation claims for a chair to be provided at her workstation.

Plaintiff first responds by stating these documents are irrelevant. But Plaintiff has waived

such objection. In addition, the documents are relevant as they go to the heart of her allegation regarding her claims.

It is not clear how/why Defendants would already be in possession of all documents responsive to this request. To the extent Plaintiff is stating that the documents that are responsive to this request can be found in the exhibits to ECF Nos. 25 and 34, then she must identify where they can be found (*i.e.*, which exhibit to what document or what page number to a specific document). If there is other documentation that is responsive to this request, she must produce it.

### F.   Request for Production No. 12

This is a request for all claims, lawsuits, administrative charges and complaints filed pertaining to the reasonable accommodation claims for a usage of a handicapped parking spot at the Commissary.

The same ruling applicable to RFP No. 11 applies to this request.

### G.   Request for Production No. 14

This is a request for all documents which support the claim for economic and non-economic damages in Plaintiff's Complaint.

Plaintiff first responds by stating these documents are irrelevant. But Plaintiff has waived such objection. In addition, the documents are relevant as they go to the heart of her allegation regarding damages. Citing to statutes and rules of civil procedure is not responsive to the request. Plaintiff must produce any evidence in her possession relevant to her claim of economic and non-economic damages.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions (ECF No. 70) is **GRANTED** in part and **DENIED** in part consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff will have 30 days from the date of this Order to respond to the Requests for Production.

/ / /

/ / /

1        **IT IS FURTHER ORDERED** that Plaintiff must pay a fine of $250 to the Clerk's

2   Office by January 15, 2025, and file proof of payment by that date.

3

4        DATED this 15th day of October 2024.

5

6                                        _____

7                                        BRENDA WEKSLER
                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28