1
2
3
4           UNITED STATES DISTRICT COURT
5              DISTRICT OF NEVADA
6                    * * *
7   CLARITA LEHMAN,
8              Plaintiff,                    Case No. 2:22-cv-00939-RFB-BNW
9        v.                                  ORDER
10  LLOYD J. AUSTIN, III, *et al.*,
11             Defendants.
12
13          Before the Court is a Motion for Summary Judgment by Plaintiff Clarita Lehman (ECF No.

14  85) and a Motion for Summary Judgment by Defendants Lloyd J. Austin, III, Jason M. Frierson,

15  Merrick B. Garland, and William F. Moore (ECF No. 88). The Court denies Plaintiff's motion and

16  grants Defendants' motion.

17

18     I.    PROCEDURAL HISTORY

19          On August 19, 2019, Plaintiff Clarita Lehman filed a complaint with the EEOC. See ECF

20  No. 7-3. The EEOC affirmed denial of her complaint on November 15, 2021, see ECF No. 7-4,

21  and denied reconsideration on March 14, 2022. See ECF No. 7-5. On June 13, 2022, Plaintiff filed

22  the civil complaint in this action. See ECF No. 2. On July 16, 2022, Plaintiff filed the Amended

23  Complaint. See ECF No. 4. On October 17, 2022, the Defendants filed a motion to dismiss the

24  amended complaint. See ECF No. 7. It was briefed by November 9, 2022. See ECF Nos. 15, 16.

25  On September 5, 2023, the Court held a hearing. See ECF No. 25. The Court allowed two of

26  Plaintiff's failure-to-accommodate claims to proceed. See id.

27          On December 30, 2024, Plaintiff filed a motion for summary judgment. See ECF No. 85.

28  It was briefed by February 4. See ECF Nos. 90, 92. On January 13, 2025, Defendants filed a motion

for summary judgment. See ECF No. 88. This motion was briefed by February 20. See ECF Nos. 93, 94. On April 14, the Court set a hearing on the pending motions for May 28, 2025. See ECF No. 95. On May 28, the Court held a hearing and made preliminary remarks and heard from the Parties as to the motions. See ECF No. 97.

The Court's Order follows.

## II.    FACTUAL BACKGROUND

The Court makes the following findings of fact.

### A.  Undisputed Facts

#### i.   *Parking spot accommodation.*

Plaintiff has been a cashier with the Defense Commissary Agency ("DECA") at Nellis Air Force Base Commissary for more than 10 years.  DECA does not dispute that Lehman is disabled and may park in a handicapped parking spot.

On June 13, 2019, Plaintiff reported to work at the Commissary.  The Commissary held annual commissary sales at least once a year.  One of these annual commissary sales occurred on June 13, 2019, in a tent located in the Commissary's parking lot.  Commissary employees were notified of the June 13, 2019, commissary sale sometime prior to the sale. Prior to the sale, commissary employees were asked to move their cars including Plaintiff so that customers could park closer to the tent, make their purchases, and leave the Commissary.  Shirley Taylor, the Assistant Store Director, asked Celia Williams, a front-end manager and Plaintiff's supervisor, to inform all cashiers, including Plaintiff, not to park their cars close to the tent where the commissary sale was taking place. Under the instruction of Ms. Taylor, Ms. Williams went to the cash cage and told Nona Brown (one of the tellers and Plaintiff's direct supervisor at the time) to inform all cashiers not to park their cars close to the tent where the commissary sale was taking place. Ms. Brown walked to the break room where Plaintiff was, and asked Plaintiff to move her car based on Ms. Williams's instructions. Additionally, Nahn Thomas, a lead store associate under the instruction of Ms. Taylor, asked Plaintiff to move her car because of the commissary sale. After Ms. Brown asked Plaintiff to move her car, she was informed by Ms. Thomas that she had already

asked Plaintiff to move her car earlier.

Plaintiff did not have an assigned handicapped parking spot at the Commissary because parking was on a first-come-first-serve basis. Plaintiff refused to move her car, and her car remained parked in the same handicapped parking spot on June 13, 2019. The Commissary's parking lot had other handicapped spaces available one row over from the handicapped parking spot where Plaintiff was parked on June 13, 2019. Plaintiff has never made a reasonable accommodation request to use a handicapped parking spot at the Commissary. Plaintiff knew that she could have parked at any available handicapped parking spot, because she does not have a reserved handicapped parking spot. Plaintiff was never denied parking in a handicapped parking spot.

  **ii.** *Seating accommodation.*

According to the DECA Safety Manual § 21.5, a stool or sitting device will not be placed within the check stand (the approximate 2-by-4 foot) work area, as the placement of a stool in this workspace interferes with the operation of the cash register and may create an injury risk.

On July 22, 2019, Plaintiff told Kevin Hennelly, DECA's Disability Program Manager, that she had a medical condition and needed a reasonable accommodation. On July 22, 2019, Mr. Hennelly contacted Plaintiff's supervisor Ms. Williams and asked her to give Plaintiff the ADA related questionnaire. On July 23, 2019, Ms. Williams gave Plaintiff the ADA questionnaire. The ADA questionnaire required Plaintiff to provide information that would be used to determine her reasonable accommodation request.

On July 31, 2019, Aliya Chaudhry PA-C ("Chaudhry PA") filled out the ADA questionnaire on Plaintiff's behalf. Prior to July 30, 2019, Plaintiff had never asked Chaudhry PA to fill out an ADA questionnaire. In response to the ADA questionnaire, Chaudhry PA recommended that Plaintiff be provided with a chair or a seat to use between breaks and customers. Ms. Williams submitted Chaudhry PA's completed questionnaire to Mr. Hennelly.  On August 13, 2019, based on the information provided by Chaudhry PA in the ADA questionnaire, and the DECA Safety Manual, Mr. Hennelly recommended that Ms. Williams provide a seating area near the cash register for Plaintiff's use. Mr. Hennelly did not authorize the

usage of a chair and/or stool at the cash register, due to risks expressed by the safety team. Based on Mr. Hennelly's instructions, Ms. Williams offered Plaintiff an alternative reasonable accommodation: benches near the cash registers. Plaintiff accepted it. Ms. Williams also explained to Plaintiff that due to safety concerns, she could not have a chair at the cash register, but that she could use the benches near the cash registers to sit between customers as often as she needed.  Ms. Williams also consistently assigned Plaintiff to cash registers 10 and 11, which were the closest to the benches.  Plaintiff was consistently assigned to cash registers 10 and 11 since at least 2019 and has been using these benches since 2019.

Plaintiff has used these benches to sit during breaks and when there are no customers.  Mr. Means, the Assistant Store Director, has personally seen Lehman using these benches since 2019.  Ms. Brown saw Plaintiff using the benches for years. A March 5, 2024, video and April 14, 2024, video show Plaintiff sitting on one of the benches.

On August 22, 2019, Plaintiff contacted Mr. Hennelly via an email which stated: "I just wanted to thank you for all the help in obtaining me reasonable accommodation at the commissary. I have spoken to Ms. Williams, and we have come to a mutually agreeable solution that will work for both of us." On August 23, 2019, Plaintiff's husband, Robert Lehman, II, who acted as her representative during the EEOC proceedings, emailed Mr. Hennelly that Plaintiff was satisfied with the accommodation.

### B.  Disputed Facts

The Parties dispute whether DECA approved a chair as a reasonable accommodation. Furthermore, Plaintiff argues that she is entitled to park in a designated handicapped parking spot, and that she was pressured to move her car from this spot.

### III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

1    When considering the propriety of summary judgment, the court views all facts and draws

2    all inferences in the light most favorable to the non-moving party. See Gonzalez v. City of

3    Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried their burden, the non-

4    moving party "must do more than simply show that there is some metaphysical doubt as to the

5    material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find

6    for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380

7    (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to

8    resolve genuine factual disputes or make credibility determinations at the summary judgment

9    stage. See Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

10

11    **IV.    DISCUSSION**

12    A plaintiff alleging a failure-to-accommodate claim under the Rehabilitation Act must

13    show: (1) that she had a disability within the meaning of the Rehabilitation Act; (2) that the

14    employer had notice of her disability; (3) that she could perform the essential functions of her job

15    with a reasonable accommodation; and (4) that the employer refused to provide a reasonable

16    accommodation. See Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir.

17    2002). A "reasonable accommodation" is defined as a "modification[ ] or adjustment[ ] to the work

18    environment, or to the manner or circumstances under which the position held or desired is

19    customarily performed, that enable a qualified individual with a disability to perform the essential

20    functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

21    Defendants do not dispute that Plaintiff is disabled or that they had notice of her disability.

22    Rather, the Parties dispute whether Defendants failed to provide Plaintiff with a reasonable

23    accommodation by making her move her car from her handicapped parking spot and by providing

24    a bench instead of a chair.

25    **A.  Making Plaintiff Move Her Car from a Parking Spot**

26    There is no dispute that Plaintiff never requested a handicapped parking spot as a

27    reasonable accommodation. It is also undisputed that Plaintiff did not actually move her car.

28    Instead, she was able to remain parked in her handicapped spot, of which there are several and in

which she regularly parks. Therefore, because Plaintiff never requested a reasonable accommodation and there was never a denial of such a request, Defendants' motion for summary judgment is granted as to this claim.

**B.  Providing a Bench Instead of a Chair**

"[N]otifying an employer of a need for an accommodation triggers a duty to engage in an 'interactive process' through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee." Snapp v. United Transp. Union, 889 F.3d 1088, 1095 (9th Cir. 2018). This interactive process "requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002).

Here, Plaintiff's primary argument is that she requested a chair at her workstation and her employer approved this accommodation. Yet, she never received this chair. However, a review of her accommodation request and her employer's August 13, 2019, letter do not reflect that she solely requested a chair, or that Defendants specifically approved a chair. In response to the ADA questionnaire, Aliya Chaudry PA recommended that Plaintiff be provided with "a chair" or "a seat" to use between breaks and customers. In a response letter, her employer states: "Ms. Chaudry suggested that the Agency accommodate you by providing you a chair or nearby seating area so that you can rest occasionally between customers. I approve this accommodation." Therefore, there is no dispute that Plaintiff submitted a request for an accommodation. There is also no dispute that Defendants assigned her to cash registers 10 and 11 which were a few feet from the nearby seating benches and allowed her to use the seating benches to rest in between customers. There is also no dispute that Plaintiff used this accommodation since 2019. Therefore, there is no dispute that Defendants engaged in the interactive process.

Even though Plaintiff may have sought a chair instead of a nearby bench, Defendants are not required to provide the exact accommodation sought by a Plaintiff. See Zivkovic, 302 F.3d at 1089 ("An employer is not obligated to provide an employee the accommodation he requests or

1    prefers, the employer need only provide some reasonable accommodation."). Further, Plaintiff has

2    presented no evidence that the accommodation provided by Defendant prevented her from doing

3    her job. See Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1115 (9th Cir. 2000) ("An appropriate

4    reasonable accommodation must be effective, in enabling the employee to perform the duties of

5    the position."), vacated on other grounds by U.S. Airways, Inc. v. Barnett, 535 U.S. 391

6    (2002). Further, Defendants never committed to providing her a chair. Moreover, Plaintiff does

7    not provide evidence that she notified Defendants that she was dissatisfied with the bench or that

8    she submitted an additional request for accommodation specifying that she specifically needed a

9    chair. Therefore, because Defendants engaged in the interactive process and provided Plaintiff

10   with a reasonable accommodation, Defendants' motion for summary judgment is granted as to this

11   claim.

12

13   **V.      CONCLUSION**

14          For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for

15   Summary Judgment (ECF No. 85) is **DENIED.**

16          **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No.

17   88) is **GRANTED.**

18          The Clerk of Court is instructed to close this case.

19

20          **DATED:** September 29, 2025.

21

22          _____

23          **RICHARD F. BOULWARE, II**
            **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28